**CORRECTED**
**21-1695**

## United States Court of Appeals
## For the Federal Circuit

**GORGE DESIGN GROUP LLC, KIRBY ERDELY,**

*Plaintiffs-Appellees,*

v.

**MEANING XUANSHENG,**

*Defendant*

**NEOMAGIC CORPORATION, DBA WWW.MERCADOMAGICO.COM,**

*Defendant-Appellant.*

*Appeal from the United States District Court for the
Western District of Pennsylvania
No. 2:20-cv-01384-WSS, Judge William S. Stickman IV*

### APPELLEES' BRIEF

Stanley D. Ference III
Brian Samuel Malkin
FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania  15143
(412) 741-8400
courts@ferencelaw.com

*Attorneys for Appellees*

June 23, 2022

# **EXEMPLARY CLAIM**

U.S. Patent No. 7,309,198

1.    A tie down comprising:

a shaft;

a plurality of threads operatively disposed on an exterior of said shaft;

a head, said head defining an arcuate exterior surface, said head further defining a bore therethrough extending through a width of the head; and,

a sleeve positionable between a first position as a sheath engaging an exterior of the shaft and a second position wherein said sleeve is inserted through said bore.

# <u>CERTIFICATE OF INTEREST</u>

Counsel for Gorge Design Group LLC and Kirby Erdely certify under Federal Circuit Rule 47.4 that the following information is accurate and complete to the best of their knowledge:

1.    **Represented Entities**.  Provide the full names of all entities represented by undersigned counsel in this case.

Gorge Design Group LLC and Kirby Erdely

2.    **Real Parties in Interest**.  Provide the full names of all real parties in interest for the entities.  Do not list the real parties if they are the same as the entities.

None.

3.    **Parent Corporations and Stockholders**.  Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

None.

4.    **Legal Representatives**.  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected appear in this court for the entities.  Do not include those who have already entered an appearance in this court.

None.

5.    **Related Cases**.  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.

None.

6.      **Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).

Not applicable.


Dated:  June 23, 2022

/s/ Stanley D. Ference III

Stanley D. Ference III

# **TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTEREST ................................................................i

TABLE OF AUTHORITIES ..................................................................v

STATEMENT OF RELATED CASES AND PROCEEDINGS ............................1

STATEMENT OF JURISDICTION..........................................................1

INTRODUCTION ............................................................................3

ISSUES PRESENTED........................................................................6

STATEMENT OF THE CASE................................................................6

SUMMARY OF THE ARGUMENT ......................................................10

ARGUMENT ................................................................................12

    I.    NeoMagic Has Failed to Demonstrate an Abuse of Discretion by The District Court..........................................................12

    II.    The District Court Correctly Determined NeoMagic was Not Entitled to Attorney's Fees under FRCP 54(d), 35 U.S.C. § 285, 15 U.S.C. § 1117, and 17 U.S.C. § 505 Because NeoMagic Did Not Prevail and This Case is Not Exceptional ..........................13

        A.    NeoMagic Was Not a Prevailing Party Because it Obtained no Relief on The Merits and no Judicial Imprimatur ..............13

        B.    The District Court Correctly Held This Case Was Not Exceptional..............................................................15

        C.    NeoMagic Improperly Seeks Fees Under the Copyright Act, a Statute not Pleaded in the Complaint ....................................18

# TABLE OF CONTENTS
(continued)

**Page**

III.  The District Court Did Not Abuse Its Discretion by Declining to Sanction Gorge Designs Under the District Court's Inherent Authority, 28 U.S.C. § 1927, and 52 Pa. C.S. § 2503(9) Because There Was No Evidence of Bad Faith by Gorge Design ....................19

  A.  Neomagic Improperly Requests That This Court Award Fees for Conduct Occurring at the District Court ............................19

  B.  The District Court Found No Evidence of Bad Faith by Gorge Design ........................................................................20

  C.  28 U.S.C. § 1927 Requires that The Party Has "Multiplied the Proceedings." .....................................................................22

  D.  NeoMagic Failed Altogether to Support its Claim Under 42 Pa. C.S. § 2503(9) .................................................................23

CONCLUSION ........................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beatrice Foods Co. v. New England Painting & Lighting Co.*,
     899 F.2d. 1171 (Fed. Cir. 1990) ...................................................................22

*CRST Van Expedited, Inc. v. E.E.O.C.*,
     136 S. Ct. 1642 (2016)...............................................................................14

*Cunningham v. Hamilton Cty. Ohio*,
     527 U.S. 19820 (1999) .................................................................................2

*Gorge Designs Group LLC v. Syarme*,
     No. 20-1284, W.D. Pa. ................................................................................1

*In re Bath & Kitchen Fixtures Antitrust Litig.*,
     535 F.3d 161 (3d Cir. 2008). ....................................................................2, 3

*In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*,
     278 F.3d 175 (3d Cir. 2002). ......................................................................20

*Jensen v. Phillips Screw Co.*,
     546 F.3d 59 (1st Cir. 2008)..................................................................... 22, 23

*Munchkin, Inc. v. Luv N' Care, Ltd.*,
     960 F.3d 1373 (Fed. Cir. 2020) ..................................................................21

*O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*,
     955 F.3d 990 (Fed. Cir. 2020) .................................................................2, 14

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
     572 U.S. 545 (2014)....................................................................................16

*Princeton Digital Image Corp. v. Office Depot Inc.*,
     91 F.3d 1342 (Fed. Cir. 2019) .....................................................................3

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
     360 F.3d 1295 (Fed. Cir. 2004) ............................................................. 20, 21

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*RFR Indus. v. Century Steps, Inc.*,
   477 F.3d 1348 (Fed. Cir. 2007) ............................................................... 14, 15

*SSL Servs., LLC v. Citrix Sys.*,
   769 F.3d 1073 (Fed. Cir. 2014) ....................................................................14

*Thunberg v. Strause*,
   682 A.2d 295 (Pa. 1996)......................................................................... 20, 24

*Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.*,
   103 F.3d 294 (3d Cir. 1996) ..........................................................................23

## Statutes

15 U.S.C § 1117 ...........................................................................................6, 13

15 U.S.C § 1117(a) .............................................................................................15

17 U.S.C § 505 ......................................................................................... 6, 13, 18, 19

28 U.S.C. § 1295(a)(1) ........................................................................................1

28 U.S.C. § 1927 ...................................................................................... passim

35 U.S.C. § 285 ......................................................................................... 6, 13, 14, 15

42 Pa. C.S. § 2503(9) ................................................................. 6, 19, 20, 23, 24, 25

## Rules

Fed. R. Civ. P. 11 ...............................................................................................5

Fed. R. Civ. P. 41(a)(1)........................................................................................4

Fed. R. Civ. P.  41(a)(1)(A)(i) ...................................................................... 9, 11, 14

Fed. R. Civ. P. 54 ..............................................................................................13

# TABLE OF AUTHORITIES
(Continued)

**Page(s)**

Fed. R. Civ. P. 54(b) .............................................................4, 5

Fed. R. Civ. P. 54(d) ..............................................................13

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not previously been before this Court. This case is an appeal from a decision in *Gorge Design Group, LLC v. Syarme,* No. 20-1284, W.D. Pa. (Judge Stickman), which is currently pending and in which there is no final, case concluding judgment. Other than this district court case, Gorge Design[1] is unaware of any other case or proceeding that is in any way related to this case, whether completed, pending, or about to be presented before this court or any other court or agency, state or federal. Other than this district court case, there are no cases pending in any court or agency that will directly affect or be directly affected by the Federal Circuit's decision in this appeal.

## STATEMENT OF JURISDICTION

In its Statement of Jurisdiction, NeoMagic proclaims, with no analysis or legal support, that this Court has jurisdiction over its appeal under 28 U.S.C. § 1295(a)(1), which allows this Court to exercise jurisdiction over appeals of final decisions of a district court. Although Gorge Design does not object to this Court's exercise of jurisdiction, Gorge Design notes for the Court that there is substantial doubt about this Court's jurisdiction over NeoMagic's appeal.

---

[1] Gorge Design Group is owned by Appellee Kirby Ederly. Mr. Ederly is also the owner of U.S. Patent No. 7,309,198, which is licensed to Gorge Design Group. Together, Gorge Design Group and Kirby Ederly are referred to as "Gorge Design."

As a starting point, the case is still ongoing as to a number of defendants other than NeoMagic,[2] so there has not been a final, case-concluding judgment. Furthermore, even as to NeoMagic, no judgment was entered; rather, Gorge Design filed a notice of dismissal as to NeoMagic under Rule 41(a)(1). *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020) (holding that a Rule 41(a)(1) dismissal is not a final court decision).

Recognizing the lack of a final judgment, NeoMagic filed a motion asking the district court to enter a final judgment under Rule 54(b). Although the district court's order stated that Gorge Design's voluntary dismissal was "hereby CERTIFIED AS A FINAL JUDGMENT," Appx013, legal authority suggests that a court cannot certify a voluntary dismissal as a final judgment under Rule 54(b). *See In re Bath & Kitchen Fixtures Antitrust Litig.,* 535 F.3d 161, 166 (3d Cir. 2008) (citing 8 James Wm. Moore et al., Moore's Federal Practice § 41.33[6][e] (3d ed. 2008) ("A defendant's motion for entry of a final judgment under Rule 54(b) should be denied if the action has already been dismissed by notice.")).

The Supreme Court has also weighed in against attempts to appeal interlocutory rulings on sanctions. In *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 19820 (1999), the Court noted that the adjudication of a sanctions order is

---

[2]     The Complaint named thirty-nine defendants, including mercadomagio.com, the name of the store operated by NeoMagic.  Currently, nine defendants remain in the case.

often intertwined with the merits of a case (as would be true here—Gorge Design is still pursuing the its claims against other defendants). Allowing an immediate appeal, the Court reasoned, would cause the appellate court to have to consider the merits prematurely. *Id.* at 205–07 ("we have consistently eschewed a case-by-case approach to deciding whether an order is sufficiently collateral. … Even if the merits were completely divorced from the sanctions issue, the collateral order doctrine requires that the order be effectively unreviewable on appeal from a final judgment."). NeoMagic's arguments are extensively based on merits issues, and would therefore require this court to adjudicate many of the merits issues in this case without the presence of the other defendants.

Accordingly, while Gorge Design does not oppose adjudicating NeoMagic's appeal now, it is concerned that NeoMagic has not properly established this Court's jurisdiction. *See Princeton Digital Image Corp. v. Office Depot Inc.*, 913 F.3d 1342 (Fed. Cir. 2019) (Federal Circuit dismissed appeal after finding judgment entered by district court did not constitute a final decision).

## **<u>INTRODUCTION</u>**

Appellee Gorge Design is a small business that manufactures and sells the Orange Screw$^{TM}$, a patented innovative ground screw for anchoring tents and other structures. Gorge Design has been plagued by a stream of online counterfeit vendors

counterfeit vendors selling imitations of the Orange Screw™, often using pictures from Gorge Design's website to market their counterfeit products.

To stem the tide of cheap knockoffs crushing its business, Gorge Design filed a lawsuit against 39 online sellers infringing its intellectual property rights. Shortly after Gorge Design filed its complaint, it initiated discussions with many of the defendants, including Appellant NeoMagic Corporation. During those discussions, NeoMagic disclosed that it had only sold only a *de minimis* amount of counterfeit product and represented that it was no longer selling the counterfeit product and would not do so in the future. In light of those representations, deeming its claims against NeoMagic no longer necessary or economical, Gorge Design filed a notice of dismissal as to NeoMagic 21 days after the complaint was filed.

NeoMagic then filed a motion seeking its attorney's fees. It used an approach that the district court described as a "kitchen sink" approach (and that description was actually charitable, it was more of a "kitchen and bathroom sink" approach)— seeking its fees under as many as nine separate grounds. NeoMagic attempts to justify its shotgun approach by claiming "some ambiguity as to the best authority," but the district court had little difficulty in recognizing that NeoMagic could not make up for lack of quality with quantity, concluding that, while NeoMagic "cites to numerous bases for the Court to award fees, none are applicable, much less convincing."

All of the grounds that NeoMagic asserted required, at a minimum, that the district court, in its discretion, conclude that Gorge Design acted in bad faith. For sound reasons, the district court declined to do so, noting that "[w]hat is before the Court is that [NeoMagic] sold a substantially similar product as [Gorge Design] and did so using some of the same photographs as [Gorge Design]"—a conclusion that NeoMagic does not, and cannot, dispute. In fact, the district court found, if anyone engaged in bad faith, vexatious conduct, it was NeoMagic, who, "in its zeal to obtain fees," included a claim under "a statute governing copyrights where no claim under copyright was asserted in the Complaint. It sought fees under Rule 11, despite failing to comply with the minimal procedures required to do so. It pointed to a Rule of Professional Conduct as a basis for fees, despite established authority (and the plain language of the Rules themselves) precluding the Rules to be used in that manner."

Compounding its vexatious conduct, NeoMagic appealed the district court's order denying its fee request. NeoMagic abandoned two of the three grounds that the district court cited as evidence of NeoMagic's vexatious conduct, but still presses this Court to reverse the district court on seven of the grounds for fees asserted in NeoMagic's original motion, including its claim under the Copyright Act (despite the obvious inapplicability of that provision for the reasons the district court noted). And NeoMagic continues to exhibit the overzealous conduct that troubled the district court; its appellate brief—seeking over $50,000 in legal fees

for an action that lasted only 21 days—is 75 pages long and seeks to have this appellate Court to use its inherent authority to sanction Gorge Design for conduct occurring before the district court.

The district court's ruling declining to award sanctions is subject to review under the abuse of discretion standard. NeoMagic has failed to meet that standard.

## ISSUES PRESENTED

1.    Whether the district court abused its discretion by finding that NeoMagic was not a prevailing party as defined by Fed. Rule Civ. P. 54(d), 35 U.S.C. § 285, 15 U.S.C § 1117, and 17 U.S.C § 505, and that this litigation was not exceptional according to 35 U.S.C. § 285 and 15 U.S.C § 1117, after Gorge Design voluntarily dismissed a lawsuit by notice 21 days after filing the complaint and before the court made any decision on the merits. Appx003-005.

2.    Whether the district court abused its discretion by finding that Gorge Design filed the complaint in good faith and declining to award sanctions under its inherent authority, 28 U.S.C. § 1927, and 42 Pa. C.S. § 2503(9). Appx009.

## STATEMENT OF THE CASE

Appellee Gorge Design is a small business that manufactures and sells the Orange Screw$^{TM}$, an innovative ground screw for anchoring tents and other structures. Gorge Design, has been plagued by a stream of online counterfeit vendors

for an action that lasted only 21 days—is 75 pages long and seeks to have this appellate Court to use its inherent authority to sanction Gorge Design for conduct occurring before the district court.

The district court's ruling declining to award sanctions is subject to review under the abuse of discretion standard. NeoMagic has failed to meet that standard.

## ISSUES PRESENTED

1.    Whether the district court abused its discretion by finding that NeoMagic was not a prevailing party as defined by Fed. Rule Civ. P. 54(d), 35 U.S.C. § 285, 15 U.S.C § 1117, and 17 U.S.C § 505, and that this litigation was not exceptional according to 35 U.S.C. § 285 and 15 U.S.C § 1117, after Gorge Design voluntarily dismissed a lawsuit by notice 21 days after filing the complaint and before the court made any decision on the merits. Appx003-005.

2.    Whether the district court abused its discretion by finding that Gorge Design filed the complaint in good faith and declining to award sanctions under its inherent authority, 28 U.S.C. § 1927, and 42 Pa. C.S. § 2503(9). Appx009.

## STATEMENT OF THE CASE

Appellee Gorge Design is a small business that manufactures and sells the Orange Screw[TM], a patented innovative ground screw for anchoring tents and other structures. Gorge Design, has been plagued by a stream of online counterfeit vendors

selling imitations of the Orange Screw[TM], often using pictures from Gorge Design's website to market their counterfeit products.

In response, on September 15, 2020, Gorge Design filed a lawsuit alleging trademark and patent infringement against NeoMagic[3] and 38 other defendants who were selling counterfeit copies of Gorge Design's Orange Screw[TM] without authorization by Gorge Design. Appx010. The complaint alleged that the defendants were using copies of Gorge Design's photographs pulled from its website to advertise their own counterfeit products, which is a textbook description of a "passing off" unfair competition claim. Appx044. Gorge Design included screenshots of NeoMagic's online sales listing using Gorge Design's photographs to advertise NeoMagic's goods. Appx495. The complaint also alleged that NeoMagic's copies of the Orange Screw[TM] infringed Gorge Design's patent. AoxxAppx045-46, . The complaint also included common law claims for unfair competition and trademark infringement. Appx047-048.

There has never been any doubt that NeoMagic, like the other defendants in this case, did exactly what Gorge Design alleged. The evidence submitted by Gorge Design at the time this lawsuit was filed demonstrated that: 1) NeoMagic used 15 of Gorge Designs' photographs to advertise and offer for sale a cheap

---

[3] NeoMagic's online store used the seller name "mercadomagico," and some of the district court records refer to appellant as such.

date that PayPal notified NeoMagic of the lawsuit, Court, docket number, and Gorge Design's counsel and contact information.  ECF No. 44-1.  Prior to filing its first filing on October 2, 2020, NeoMagic and its counsel Andrew Oliver did not contact Gorge Design's counsel, nor did NeoMagic offer any explanation for its failure to contact Gorge Design's counsel over the nine days between receiving notice of this lawsuit and making its first filing.  ECF No. 57, ¶ 22.  Counsel for Gorge Design initiated all the contacts in this case leading up to the show cause hearing. ECF No. 57, ¶ 22. During telephone calls with NeoMagic's counsel on October 2, 3, and 4, 2020, all initiated by counsel for Gorge Design, NeoMagic's counsel refused to discuss anything other than a demand to be dismissed from the case and for Gorge Design to pay all costs.  ECF No. 57, ¶ 22.  Rather than reach out to Gorge Design's counsel over this nine-day period, NeoMagic chose to incur its attorney's fees and create an "emergency" prior to the hearing.

It was during these discussions with counsel that NeoMagic disclosed that it had only sold a nominal amount of counterfeit product and that it was no longer selling the counterfeit product.  Indeed, to Gorge Design's knowledge, NeoMagic has not sold any counterfeit product since the underlying lawsuit was filed.  In light of those discussions, deeming its claims against NeoMagic no longer necessary or economical, Gorge Design filed a notice of dismissal as to NeoMagic under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure on October 5, 2020, which

was docketed on October 6, 2020—21 days after the complaint was filed. Appx873.

On October 20, 2020, NeoMagic filed a motion requesting attorney's fees. Appx874. In a ruling on December 4, 2020, the district court denied the motion for attorney's fees. Appx001-012 and 875. On December 22, 2020, NeoMagic filed this appeal, which was docketed at the Third Circuit. After the Third Circuit *sua sponte* raised the issue of appellate jurisdiction because no final judgment had been entered by the district court and then transferred the appeal to the Federal Circuit (at the request of NeoMagic), the district court certified Gorge Design's notice of voluntary dismissal as a final judgment under Fed. R. Civ. P. 54(b) on April 9, 2021. Appx013-14.

## SUMMARY OF THE ARGUMENT

After being dismissed from a lawsuit a mere 21 days after the complaint was filed, NeoMagic filed a motion seeking more than $50,000 in attorney's fees. Lacking a legitimate claim under any sanctioning authority, NeoMagic asserted its claim under at least nine different statutes or sources of authority. All of these statutes and sources of authority vest almost unbridled discretion in the district court to determine whether sanctions are warranted. The trial court exercised that discretion to determine that sanctions were not warranted, and NeoMagic cannot

demonstrate that the district court abused its discretion—an almost insurmountable hurdle on appeal.

Additionally, many of these statutes only make attorney's fees potentially available to a "prevailing party." However, because Gorge Design voluntarily dismissed NeoMagic under Rule 41(a)(1)(A)(i) before the court made any rulings on the merits, NeoMagic did not prevail. Similarly, these statutes reserve attorney's fees for an "exceptional case." As the district court properly found, however, there was nothing unusual or exceptional about the manner in which this case proceeded—it was typical of intellectual property disputes of this nature.

Other statutes or sources of authority that NeoMagic relies on require that Gorge Design have acted in bad faith. Although NeoMagic attempts to assert technical defenses to the claims against it, it does not deny that that it sold counterfeit products using images it copied from Gorge Design's website. Under these circumstances, Gorge Design was more than justified in suing NeoMagic and the other defendants who were selling the counterfeit products. The fact that Gorge Design promptly dismissed its claim against NeoMagic is, if anything, evidence of good faith, not bad faith.

In sum, Gorge Design was fully within its rights to commence this action against the companies selling counterfeit products. When it became clear that NeoMagic had only sold a nominal amount of counterfeit product and was no

longer attempting to sell counterfeit products, Gorge Design dismissed NeoMagic

from the action. Gorge Design acted within both the spirit and the letter of the law

and procedure, and the district court properly declined to award attorney's fees

against Gorge Design. Accordingly, Gorge Design respectfully requests that this

Court affirm the district court's order denying NeoMagic's motion for attorney's

fees.

## **ARGUMENT**

### I.    **NeoMagic has Failed to Demonstrate an Abuse of Discretion by the District Court.**

NeoMagic recognizes throughout its brief that it must demonstrate an abuse

of discretion by the district court in order to succeed on any of its issues on appeal.

*See, e.g.*, Appellant's Brief, p. 10, Statement of Issues. NeoMagic's brief is full of

arguments regarding the merits of Gorge Design's claims (virtually all of which

Gorge Design disputes). As the district court correctly observed, however,

NeoMagic's fee application is "not the forum to adjudicate claims against

Neomagic on their merits." Appx003.

NeoMagic does not deny that it marketed and sold a product that was

"nearly, if not completely, identical in form" to Gorge Design's patented product.

Appx003. NeoMagic does not deny that it used photographs of Gorge Design's

product, some of which it took from Gorge Design's website, to market its knock-

off product. *Id.* NeoMagic does not deny that Gorge Design voluntarily dismissed

NeoMagic from the complaint 21 days after the complaint was filed, after

NeoMagic represented that it had only sold a nominal amount of knock-off product

and that it had ceased marketing and selling the knock-off product. NeoMagic does

not deny that Gorge Design had legitimate claims against the other 38 defendants

in the complaint relating to similar conduct or that Gorge Design has continued to

prosecute its claims against those defendants. Under these circumstances, the

district court can hardly be said to have abused its discretion in declining to award

fees to NeoMagic, and NeoMagic has failed to carry its burden as to any of its

issues on appeal.

II.     **The District Court Correctly Determined NeoMagic Was Not Entitled
        to Attorney's Fees under FCRP 54(d), 35 U.S.C. § 285, 15 U.S.C § 1117,
        and 17 U.S.C § 505 Because NeoMagic Did Not Prevail and This Case is
        Not Exceptional.**

        A.     **NeoMagic Was Not a Prevailing Party Because It Obtained No
               Relief on the Merits and No Judicial Imprimatur.**

NeoMagic asserts that it was entitled to attorney's fees under Federal Rule

of Civil Procedure 54 and under the federal statutes awarding attorney's fees for

claims arising out of patents, 35 U.S.C. § 285, trademarks, 15 U.S.C § 1117, and

copyrights, 17 U.S.C § 505. Appx004. As the district court explained, Rule 54 and

each of these statutes specifically limits potential recovery to a "prevailing party."

To be a prevailing party, a party must establish: "(1) that the party 'received

at least some relief on the merits,' and (2) '[t]hat relief must materially alter the

legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party.'" *SSL Servs., LLC v. Citrix Sys.*, 769 F.3d 1073 (Fed. Cir. 2014) (citations omitted).

NeoMagic can satisfy neither part of this two-part test. With respect to the first requirement, NeoMagic obtained no "relief on the merits," because Gorge Design dismissed NeoMagic from the case 21 days after the complaint was filed and before the court made any decisions on the merits.

With respect to the second requirement, the Supreme Court has said that "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties. This change must be marked by 'judicial *imprimatur*.'" *CRST Van Expedited*, *Inc. v. E.E.O.C.*, 578 U.S. 419, 422, 136 S. Ct. 1642, 1646 (2016) (cleaned up).

In 2020, this Court held that a voluntary dismissal under Rule 41(a)(1)(A)(i) did not confer prevailing party status on the dismissed party because the dismissal occurred without any judicial action or judicial intervention. *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020) ("Because there is no final court decision here, [the defendant] cannot be a prevailing party for purposes of attorney's fees under § 285."). *See also RFR Indus. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007) ("[The] action was dismissed without prejudice when [the plaintiff] filed a notice of dismissal pursuant to Rule

41(a)(1)(A)(i). [The plaintiff's] dismissal did not give [the defendant] 'prevailing party' status. Because [the defendant] is not a 'prevailing party,' it is not entitled to attorney fees under 35 U.S.C. § 285.").

NeoMagic argues that, after the notice of dismissal was entered, NeoMagic was no longer subject to the temporary restraining order, and thus became a prevailing party. Appellant's Brief, p. 70-72. NeoMagic has provided no case law or legal support for the proposition that no longer being subject to a temporary restraining order by virtue of being dismissed from an action without prejudice can confer prevailing party status.

Because the district court granted no "relief on the merits" and issued no "judicial imprimatur" changing the parties' relationship, NeoMagic was not a prevailing party in this action. Because NeoMagic was not a prevailing party, NeoMagic is not entitled to attorney's fees under any statute or rule awarding fees to the prevailing party.

## B.    The District Court Correctly Held This Case Was Not Exceptional.

In addition to limiting potential recovery to prevailing parties, the patent and trademark statutes limit recovery to "exceptional cases." 35 U.S.C. § 285; 15 U.S.C. § 1117(a). An exceptional case is one that stands out from others with respect to the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. ICON*

*Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). District courts determine

whether a case is exceptional in a case-by-case exercise of their discretion,

considering the totality of the circumstances. *Id*.

The district court made a thoughtful determination that this case was not

exceptional, noting that, "this case has followed the same trajectory of many other

cases in this District and in districts throughout the country in instances where a

plaintiff discovers that its intellectual property has likely been pirated and identical

or substantially similar knock-off products are being offered for sale from on-line

platforms." Appx005. Rather, the court concluded, "[t]o hold that this case is

exceptional would topsy-turvy that term—elevating what is ordinary to

extraordinary. It would erect an unwarranted barrier to plausible claims by

legitimately injured Plaintiffs." *Id.*

NeoMagic proclaims in conclusory fashion that "The district court clearly

erred and abused discretion in ruling that 'there is nothing exceptional about this

case, as asserted against NeoMagic.'" Appellant's Brief, p. 49. NeoMagic does not

back this assertion up with fact or law.

NeoMagic appears to argue that this case is exceptional because Gorge

Design obtained a temporary restraining order and based on its contention that

Gorge Design's substantive claims were frivolous. Appellant's Brief p. 73-74.

As the district court noted, this case followed a path that is quite typical for intellectual property actions like this one. Appx005. Thus, the district court recognized that in cases of this nature, motions for temporary restraining orders freezing assets are common, important early steps, not exceptional measures, and NeoMagic has failed to cite any cases suggesting otherwise.

Similarly, NeoMagic has not cited cases holding that disputes regarding the merits of the claims in a complaint render the case exceptional. Drilling down further illustrates that NeoMagic's defenses do not render Gorge Design's claims frivolous or this case exceptional. For example, NeoMagic argues that its product, even though it appears virtually identical to Gorge Design's product, does not infringe the Gorge Design's patent because NeoMagic's product has one thread, not a "plurality of threads" like Gorge Design's product. Appellant's Brief, at pp. 31–34.

Gorge Design disputes the merits of this defense, and submitted the opinion of a patent attorney to support its claim of infringement. ECF Nos. 6; 6-1; and 56, pages 6-9. But the merits of NeoMagic's defense is not the issue here. As the district court properly concluded, "Whether, if the case would have proceeded to a determination on the merits, [Gorge Design] would have ultimately prevailed against Neomagic is immaterial. … The question here is whether-in the context of

the litigation against Neomagic from inception to conclusion-there was something that rendered it exceptional. There was not." Appx006.

In sum, NeoMagic has failed to carry its burden of demonstrating that the district court abused its discretion when it found nothing exceptional in this case.

### C.   NeoMagic Improperly Seeks Fees Under the Copyright Act, a Statute not Pleaded in the Complaint.

NeoMagic argued in its motion and on appeal that it is entitled to attorney's fees under the copyright statute. The fee provision upon which NeoMagic relies, 17 U.S.C § 505, makes fees potentially available to a prevailing party in "any civil action *under this title*." (emphasis added).

Perhaps more than any of the many arguments that NeoMagic dumped into the kitchen sink, its copyright argument illustrates the frivolous nature of NeoMagic's shotgun fee petition. As the district correctly court noted, it is "curious" that NeoMagic is seeking fees under the Copyright Act's fee provision because the complaint does not include any claims under the Copyright Act. Appx004.

NeoMagic's argument seems to be that it may seek fees under 17 U.S.C § 505 because Gorge Design's complaint and motion used the word "copyright" to describe NeoMagic's copying of Gorge Design's photographs to advertise NeoMagic's goods. Appellant's Brief, p. 22-24. The explicit language of 17 U.S.C § 505 limits fee applications to actions arising under the Copyright Act, however,

and NeoMagic has provided no legal support for the idea that Section 505 also applies to actions that use the word "copyright" but do not assert a claim under the Copyright Act. The district court certainly did not abuse its discretion in declining to award fees under the Copyright Act.

III.    **The District Court Did Not Abuse Its Discretion By Declining to Sanction Gorge Designs Under the District Court's Inherent Authority, 28 U.S.C. § 1927, and 42 Pa. C.S. § 2503(9) Because There Was No Evidence of Bad Faith by Gorge Design.**

NeoMagic also sought attorney's fees under the district court's inherent authority and the federal and Pennsylvania statutes relating to bad faith, vexatious litigation conduct. The district court properly held that Gorge Design "did not bring their case against NeoMagic in an arbitrary, vexatious, fraudulent, bad faith or corrupt manner" and exercised its discretion not to award fees under these sources of authority. Appx009.

A.    **NeoMagic Improperly Requests that this Court Award Fees for Conduct Occurring at the District Court.**

NeoMagic requests in its brief that the Federal Circuit use its inherent authority to sanction Gorge Design for its conduct before the district court. Appellant's Brief, p. 65. Certainly, this Court has the authority to sanction misconduct occurring in appellate proceedings before this Court or frivolous filings on appeal, but NeoMagic has provided no legal support for its contention this Court has the authority to impose sanctions for behavior before the district

- 19 -

court prior to the filing of this appeal (nor any reason why this Court might choose to exercise such extraordinary authority in this particular case).

### B.    The District Court Found No Evidence of Bad Faith by Gorge Design.

All three of the sanctioning authorities addressed in this section turn on a finding of bad faith. "[A] finding of willful bad faith on the part of the offending lawyer is a prerequisite for imposing sanctions under 28 U.S.C. § 1927." *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 181 (3d Cir. 2002) (cleaned up). "Similarly, an award of fees and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith." *Id.* "The statutory provision at 42 Pa. C.S. § 2503(9) expressly permits a trial court to award reasonable counsel fees to a litigant when, *inter alia*, that litigant's opponent initiated the action arbitrarily, vexatiously *or* in bad faith." *Thunberg v. Strause*, 682 A.2d 295, 299 (Pa. 1996).

*Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004), is directly on point. It was another patent case in which this Court held that the district court did not abuse its discretion in declining to award attorney's fees. Just like this case, the plaintiff ultimately withdrew its infringement claim based on its determination that further pursuit of the claim would not be worth the expense. In affirming the district court, this Court wrote, "[the plaintiff] explains its decision to withdraw its claim of infringement as based on its determination that further

pursuit of the lawsuit would not have been worth the investment required to prove infringement, and, in any event, *we fail to see how a changed legal theory that leads to the voluntary dismissal of a lawsuit can amount to bad faith litigation. Id.* at 1304 (emphasis added). The Court reached this conclusion in a case where the litigation proceeded for nine months before the plaintiff filed its voluntary dismissal. NeoMagic's claim for fees in this case, where dismissal occurred after a mere 21 days, is even weaker than the claim in *Q-Pharma.*

Similarly, in *Munchkin, Inc. v. Luv N' Care, Ltd.*, 960 F.3d 1373, 1381 (Fed. Cir. 2020), this Court explained, "A unique challenge for [the defendant], given that the trademark claim was never adjudicated, is that it must not only prove through its fee motion no likelihood of confusion between its mark and [the plaintiff's] mark, but it must go further, and prove that [the plaintiff's] position is substantively unreasonable." NeoMagic has failed to prove that Gorge Design's position was "substantively unreasonable."

As the district court noted, Gorge Design showed that "NeoMagic has advertised and sold a product that is nearly, if not completely, identical in form and that it did so by using photos of [Gorge Design's] product." Appx003. In light of this conduct, Gorge Design had a reasonable basis for filing a lawsuit alleging unfair competition and a reasonable basis to seek a temporary restraining order to ensure that available assets would be preserved in the event of a judgment against

NeoMagic and the other defendants. And Gorge Design should be commended, not sanctioned, for filing its voluntary dismissal so promptly. Accordingly, NeoMagic has failed to carry its burden of demonstrating that the district court abused its discretion when it found that Gorge Design did not act in bad faith.

### C.  28 U.S.C. § 1927 Requires that the Party has "Multiplied the Proceedings."

In addition to requiring a finding of bad faith, 28 U.S.C. § 1927 requires the moving party to demonstrate that the opposing party has *multiplied the proceedings* unreasonably and vexatiously. 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof *who so multiplies the proceedings* in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.") (emphasis added).

As this Court has explained, the principal purpose of 28 U.S.C. § 1927 is "the deterrence of intentional and unnecessary delay in the proceedings." *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1177 (Fed. Cir. 1990). Numerous other courts have held that Section 1927 does not apply to an allegedly improper commencement of an action, and instead is limited to conduct that drags out, or multiplies, the proceedings. *See, e.g.*, *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008) ("Consequently, we join an

unbroken band of cases across the courts of appeals holding that a lawyer cannot violate section 1927 in the course of commencing an action."); *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.*, 103 F.3d 294, 297 (3d Cir. 1996) ("[The] trial court imposed sanctions on plaintiff and his counsel, not because of any multiplicity of the proceedings or delaying tactics, but for failure to make a reasonably adequate inquiry into the facts and law before filing the lawsuit. Thus, the statute does not apply to the set of facts before us.").

NeoMagic has not cited a single case in which a party was found to have multiplied the proceedings when it filed a complaint and then filed a voluntary dismissal 21 days later. Appellant's Brief at 65–68. NeoMagic has failed to demonstrate that the district court abused its discretion when it found that Gorge Design did not vexatiously multiply the proceedings against NeoMagic.

### D. NeoMagic Failed Altogether to Support its Claim Under 42 Pa. C.S. § 2503(9).

NeoMagic seeks fees under 42 Pa. C.S. § 2503(9), which makes a fee award potentially available when "the conduct of another party *in commencing the matter* or otherwise was arbitrary, vexatious or in bad faith." (emphasis added). As noted by the district court, the Pennsylvania Supreme Court explained the contours of § 2503(9) as follows: "An opponent's conduct has been deemed to be 'arbitrary' within the meaning of the statute if such conduct is based on random or convenient section or choice rather than reason or nature. An opponent also can be deemed to

have brought suit 'vexatiously' if he filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance. Finally, an opponent can be charged with filing a lawsuit in 'bad faith' if he filed the suit for purposes of fraud, dishonesty, or corruption." *Thunberg v. Strause*, 682 A.2d 295, 299-300 (1996) (citations omitted). Appx009.

Applying this Pennsylvania Supreme Court authority, the district court held "that [George Design] did not bring [its] case against [NeoMagic] in an arbitrary, vexatious, fraudulent, bad faith or corrupt manner." Appx009. The district court further held "that the claims brought against [NeoMagic] were not asserted for the purposes of annoyance or harassment." *Id*.

NeoMagic's entire argument that the district court abused its discretion when declining to award fees under Section 2503(9) is one paragraph that vaguely alleges that Gorge Design filed its complaint "for the sole purpose of causing annoyance," but cites no facts and has no detail. Appellant's Brief, p. 69. As the district court observed, Gorge Design's claims were "facially plausible" given NeoMagic's conduct in selling knock-off products using Gorge Design's photographs. NeoMagic has failed abjectly to demonstrate any abuse of discretion by the district court in declining to sanction Gorge Design under 42 Pa. C.S. § 2503(9).

# **CONCLUSION**

Gorge Design sued NeoMagic for trademark and patent infringement for selling knockoff versions of Gorge Design's product. Twenty-one days after filing the complaint, Gorge Design voluntarily dismissed NeoMagic—not because NeoMagic had not infringed Gorge Design's intellectual property rights, but because NeoMagic appeared to be a *de minimis* violator who had promised not to sell further infringing products.

Attorney's fees under each of the numerous grounds for recovery advanced by NeoMagic were awardable under the district court's discretion. Because the district court judge is the person managing the litigation, interacting with the parties and their lawyers, and observing the conduct of the parties and their lawyers, courts of appeals are understandably reluctant to substitute their judgment for that of the district court judge. Accordingly, to successfully appeal the district court's ruling on a sanctions motion, the appellant must demonstrate an abuse of the district court judge's discretion. Because NeoMagic has failed to meet this

/

/

/

/

standard, Gorge Design respectfully requests that this Court affirm the district court's order denying NeoMagic's motion for attorney's fees.

Respectfully submitted,

Dated:  June 23, 2022

/s/ Stanley D. Ference III
Stanley D. Ference III
Brian Samuel Malkin
FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile
courts@ferencelaw.com – Email

*Attorneys for Appellees*
*Gorge Design Group LLC and*
*Kirby Erderly*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2022, I filed this document with the Court's CM/Document filing system, which delivered notice of this filing to the below email address for Appellant:

aoliver@atwiplaw.com

<u>    /s/ Stanley D. Ference III    </u>
Stanley D. Ference III

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS  AND TYPE STYLE REQUIREMENTS**

1.     This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) or Federal Rule of Appellate Procedure 28.1(e) because the brief contains **5,758** words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(d)(2) and Fed. Cir. R. 27(d).

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using MS Word in a 14-point Times New Roman font.


Dated:  June 23, 2022

　　　　　　　　　　　　　　　　 /s/ Stanley D. Ference III
　　　　　　　　　　　　　　　　　Stanley D. Ference III