**21-1695**

# United States Court of Appeals
# For the Federal Circuit

---

**GORGE DESIGN GROUP LLC, KIRBY ERDELY,**

*Plaintiffs-Appellees,*

**v.**

**MEANING XUANSHENG,**

*Defendant*

**NEOMAGIC CORPORATION, DBA WWW.MERCADOMAGICO.COM,**

*Defendant-Appellant.*

---

*Appeal from the United States District Court for the*
*Western District of Pennsylvania*
*No. 2:20-cv-01384-WSS, Judge William S. Stickman IV*

---

**APPELLANT NEOMAGIC CORPORATION'S REPLY BRIEF**

---

Andrew T. Oliver
**AMIN, TUROCY & WATSON LLP**
160 West Santa Clara Street
Suite 975
San Jose, CA 95113
(650) 618-6477

September 2, 2022

*Attorneys for Defendant-Appellant*
*NeoMagic Corporation*

# Certificate of Interest

Counsel for Appellant NeoMagic Corporation certifies the following:

1.      The full name of every Party represented by me is:

- NeoMagic Corporation

2.      The name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is:

- NeoMagic Corporation

3.      Parent corporations and publicly held companies that own 10% or more of stock in the party:

- None

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

- Kent E. Baldauf, Jr. and David A. DuMont of The Webb Law Firm

5.      The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  *See* Fed. Cir. R. 47.4(a)(5) and 47.5(b).

- None.

6.      Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

- None.

Dated: September 2, 2022

/s/ *Andrew T. Oliver*

Andrew T. Oliver
*Attorney for Appellant*
*NeoMagic Corporation*

# Table of Contents

Table of Abbreviations ....................................................................................5

Argument .......................................................................................................6

I.    Introduction .........................................................................................6

II.    Not All Findings In The Appealed Order Are Reviewed For Abuse of Discretion; And The District Court Judge Did Abuse Discretion Under Controlling Case Law ............................................................7

III.    All of Plaintiffs' Claims Against NeoMagic Were Frivolous ........................9

    A.    Gorge's Trademark Claim Against NeoMagic Was Frivolous ............9

    B.    Gorge's Allegations About "Counterfeit" Products Are Baseless and Incorrect ..........................................................11

    C.    Gorge's Copyright Claim Against NeoMagic Was Frivolous ...........12

    D.    Gorge's Unfair Competition Claim Against NeoMagic Was Frivolous ..........................................................................14

    E.    Gorge's Patent Claim Against NeoMagic Was Frivolous .................15

IV.    Gorge and Its Attorneys Engaged In Multiple Acts of Litigation Misconduct and/or Vexatious Litigation .......................................18

    A.    This Case Was Plainly Exceptional .....................................19

    B.    NeoMagic Was Not At Fault For Gorge's Delayed Service ..............22

    C.    NeoMagic Has Not (Yet) Requested That This Court Use Its Inherent Power To Enter Sanctions ....................................23

    D.    Gorge Did Multiply Proceedings Vexatiously ...................................24

V.    Final Judgment Has Been Entered As To NeoMagic; Jurisdiction is Proper ..........................................................................................25

VI.    Conclusion and Relief Sought ........................................................28

Certificate of Compliance

Certificate of Service

## Table of Abbreviations

| | |
|---|---|
| '198 Patent | Asserted U.S. Patent No. 7,309,198 (Appx015-021) |
| NeoMagic | Defendant-Appellant NeoMagic Corporation (referred to by Plaintiff-Appellee as "MercadoMagico" |
| Gorge | Plaintiffs-Appellees Gorge Design Group, LLC and Kirby Erdely |

## Argument

### I.    Introduction

The following statements in this paragraph may sound alarmist, but they are not.  The lawsuit underlying this appeal is the poster child for sanctions.  If the Gorge and its attorneys are not sanctioned in this case, then truly the sanctions regime has failed, which failure will allow plaintiffs and their attorneys to file entirely frivolous cases, employ litigation misconduct and vexatious litigation tactics, and base their filings on sworn, but false, affidavits without any risk of consequences.  Plaintiffs will merely need to dismiss their complaint after attempting to shut down legitimate businesses and making extortionate demands to restore the capability of such legitimate businesses to function.  Such cannot be permitted.

This court regularly deals with entities asserting patents (sometimes called "patent trolss") and, at times, confirms that sanctions should be entered for various reasons.  But in most of those cases, the causes of action are at least facially legitimate, the question of misconduct and vexatious litigation is debatable, and the attorneys haven't made demonstrably false statements in sworn affidavits.

Here, the reverse is true.  Gorge leveled not one, but four, facially baseless claims against NeoMagic.  Gorge's entire pattern of litigation conduct, including its dismissal and actions beyond dismissal, was misconduct and vexatious.  And

Gorge's attorneys supported Gorge's actions by making demonstrably false statements in affidavits.

The list of abuses is too long to detail again in this reply brief, so NeoMagic focuses on replying to various points in Gorge's brief, while imploring this Court to consider all of Gorge's abuses outlined in NeoMagic's Opening Brief.

## II.    Not All Findings In The Appealed Order Are Reviewed For Abuse of Discretion; And The District Court Judge Did Abuse Discretion Under Controlling Case Law

Gorge suggests in its brief that all of the underlying findings must be reviewed for "abuse of discretion." However, as noted in the Standard of Review section of NeoMagic's Opening Brief, the factual findings are reviewed for "clear error", not "abuse of discretion." NeoMagic Brf. Pp. 16-17. And the "prevailing party" determination is reviewed "de novo." *Id.* p. 17. Gorge did not provide any authority challenging these standards, but merely made a bare assertion that "The district court's ruling declining to award sanctions is subject ot review under the abuse of discretion standard" (Gorge Brf. P. 15) and then incorporated that incorrect standard into its flawed "Issues Presented." *Id.* (stating, e.g., "1. Whether the district court abused its discretion by finding that NeoMagic was not a prevailing party…").

This Court should apply the appropriate standards of review, as set forth in NeoMagic's Opening Brief.

Yet, even under the abuse of discretion standard, the district court does not have the "almost unbridled discretion" that Gorge claims at page 18 of its brief. Rather, both the Supreme Court and the Third Circuit have plainly indicated where that discretion ends. The Supreme Court stated, "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461 (1990). This is precisely what the district court judge did in this case, as was explained in NeoMagic's Opening Brief and will be further explained below. The Third Circuit further stated,

> [W]e evaluate the court's factual determinations, legal conclusions, and choice of an 'appropriate sanction' with substantial deference, considering not whether we would make the same precise determinations, but only whether those determinations are contrary to reason or without a reasonable basis in law and fact.

*Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). Here, as has been explained in NeoMagic's Opening Brief and will be further discussed below, the district court did make determinations contrary to reason and without reasonable basis in law and fact.

The *en banc* Third Circuit has clarified,

> "[I]f the district court has applied the correct criteria to the facts of the case, then, it is fair to say that we will defer to its exercise of discretion." But if the trial court has not properly identified and

applied the criteria, the court's determination will not be entitled to
such deference.

*Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102,

116 (3d Cir. 1976) (en banc) (internal citation omitted).  As demonstrated in

NeoMagic's Opening Brief and below, the district court did not apply the proper

criteria and is not entitled to deference.

## III.    All of Plaintiffs' Claims Against NeoMagic Were Frivolous

The district court clearly erred and abused discretion in determining that

Gorge's claims were not frivolous.

### A.    Gorge's Trademark Claim Against NeoMagic Was Frivolous

Gorge appears to concede that its trademark infringement claim was

frivolous, as it does not point to any iota of evidence that NeoMagic used any of

the words "ultimate", "ground", or "anchor" or anything that sounds similar or that

could cause confusion with Gorge's purported, unregistered "Ultimate Ground

Anchor" mark.

And the district court committed both clear error and abuse of discretion in

its findings regarding whether Gorge's trademark infringement claim was

frivolous.  The district court did not analyze any relevant facts or legal criteria in

making its determination as to whether the trademark infringement claim was

frivolous.  Rather, the district court (as noted in NeoMagic's Opening Brf. P. 21)

held that "the fact remains that NeoMagic sold a product that appears to be identical to the Plaintiffs' and used photographs depicting the product …" Appx006.  The district court's paltry analysis has no bearing on the proper criteria for determining whether a trademark infringement claim is frivolous and is entitled to no deference from this Court.

As Gorge pointed out in its brief, this Court has stated that a party seeking fees "must not only prove through its fee motion no likelihood of confusion between its mark and [the plaintiff's] mark, but it must go further, and prove that [the plaintiff's] position is substantively unreasonable."  Gorge Brf. P. 29 (quoting *Munchkin v. Luv N' Care*).  This is precisely what NeoMagic did in both its fee motion to the district court and the Opening Brf. in this appeal.

NeoMagic demonstrated that NeoMagic had not used a single one of the three words comprising Gorge's purported trademark, nor anything that sounded anywhere similar to such words.  *See, e.g.,* Opening Brf. P. 21 (reciting arguments and citing Appx752-754, Appx852).

The district court did not consider this evidence and "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," which is abuse of discretion under *Cooter v. Hartmarx*, 496 U.S. at 405.  The district court merely looked at the products' appearance, without any consideration of the purported trademark.

**B.    Gorge's Allegations About "Counterfeit" Products Are Baseless and Incorrect**

Gorge incorrectly uses the word "counterfeit" in many places in its brief to describe the products of NeoMagic and other defendants.  For example, Gorge refers to "NeoMagic and 38 other defendants who were selling counterfeit copies of Gorge['s product]…"  Gorge Brf. P. 16.  Gorge goes so far as to misrepresent Neomagic's position, stating, "NeoMagic disclosed that it had only sold a nominal amount of counterfeit product…" and "[NeoMagic] does not deny that it sold counterfeit products…"  *Id.* pp. 17, 19.  These statements are false.

There are no "counterfeit" products in this case.  And NeoMagic never stated that it sold "counterfeit" products.  Rather, as noted in NeoMagic's opening brief, the term "counterfeit" has a particular meaning and is applied to a trademark (i.e., a "counterfeit mark" not a "counterfeit product").  This is thoroughly briefed in NeoMagic's Opening Brief, e.g., at page 19.  There can be no "counterfeit" mark without both (a) a registered mark and (b) an identical or substantially indistinguishable mark.  Gorge has neither.  Gorge's purported "Ultimate Ground Anchor" mark is not registered.  And NeoMagic did not use anything identical or even vaguely close to the purported mark.  There are no "counterfeits" at issue in this appeal.  Sale of a similar-, or even identical-, looking product is permitted unless legitimate intellectual property rights protect the product.  No such rights at issue in this appeal would protect Gorge's product.

### C.    Gorge's Copyright Claim Against NeoMagic Was Frivolous

Gorge does not attempt to argue that its copyright claim was not frivolous. The claim was plainly frivolous, as Gorge implicitly concedes that it holds no registered copyright. Instead, Gorge attempts to claim that NeoMagic made a frivolous argument for fees; Gorge argues "the complaint does not include any claims under the Copyright Act." Gorge Brf. P. 26.

However, the unambiguous written record cannot be denied so easily. As set forth in NeoMagic's Opening Brf., Gorge thrice claimed copyright infringement and even obtained a restraining order against NeoMagic based on alleged copyright infringement. NeoMagic Opening Brf. P. 22. Specifically, Gorge's complaint alleged, "Upon information and belief, Defendants will continue … infringing Plaintiffs' federally registered copyright unless preliminarily and permanently enjoined." Appx038 ¶19. Gorge's other two allegations of copyright infringement are set forth at Opening Brf. P. 22 and won't be repeated here to avoid unnecessary repetition.

In fact, Gorge's argument that it did not allege copyright infringement demonstrates <u>ongoing misconduct</u> by Gorge in this appeal, making arguments that are directly controverted by the black-and-white words in Gorge's own documents.

Importantly, the district court did not apply any of the proper factors or criteria for determining whether this copyright claim based on a phantom "federally registered copyright" was frivolous.  The Supreme Court has noted the factors that the Third Circuit applies:

> For example, the Third Circuit has listed several nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party. These factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner.

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994).

Rather than applying any of these factors, the district court clearly erred and abused discretion by ignoring the unambiguous black-and-white allegations of copyright infringement in Gorge's complaint, Gorge's motion for restraining order and preliminary injunction, and Gorge's email communications with NeoMagic. Instead, the district court merely stated, "Curiously, the Complaint does not assert any claims relating to copyrights."  Appx004.  What then is the meaning of the statement in the complaint that, "Upon information and belief, Defendants will continue … infringing Plaintiffs' federally registered copyright unless preliminarily and permanently enjoined." at Appx038 ¶19?

The district court's flawed factual findings must be reversed in favor of a ruling that Gorge's copyright infringement claim was frivolous.

### D. Gorge's Unfair Competition Claim Against NeoMagic Was Frivolous

Gorge apparently concedes that its unfair competition claim was frivolous, as Gorge does not provide any meaningful argument to establish that the claim was not frivolous. Gorge limits its commentary to reliance on the district court's improper analysis that "NeoMagic has advertised and sold a product that is nearly, if not completely, identical in form and that it did so by using photos of [Gorge Design's product." Gorge Brf. P. 29 (quoting Appx003). Gorge relies on this incomplete analysis to argue that Gorge "had a reasonable basis for filing a lawsuit alleging unfair competition…" *Id.*

Both Gorge's and the district court's analysis are clearly erroneous and the district court's analysis is abuse of discretion. The stated analysis has no meaningful bearing on unfair competition. As noted above, Gorge has never alleged nor shown that it owns any registered copyright in the photos. And there is no unfair competition in shipping a product that is identical to another or that is depicted in another's photos, unless that product is protected by intellectual property. The Supreme Court has explicitly stated, "In general, unless an intellectual property right such as a patent or copyright protects an item, it will be

subject to copying." *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 33-34 (2003). "[O]nce the patent or copyright monopoly has expired, the public may use the invention or work at will and without attribution." *Id.* Unfair competition claims cannot be based on patent law; and there is no copyright in the photos. If NeoMagic shipped what was depicted, and it did, then there can be no unfair competition here. Gorge's unfair competition claim was frivolous.

The district court had no basis to find even a prima facie case of unfair competition based on the products looking the same or the use of similar (or the same) photos. The district court considered the wrong criteria and is not entitled to any deference from this Court. This Court must reverse the district court's determination that Gorge's unfair competition claim was not frivolous.

### E.    Gorge's Patent Claim Against NeoMagic Was Frivolous

Similar to the above claims, the district court's assessment of Gorge's patent infringement claim lacked any consideration of the criteria required for determining whether a patent infringement claim is frivolous. NeoMagic pointed out a single, facially obvious discrepancy between patent claims and product features that quickly and plainly demonstrated the frivolous nature of the patent infringement claims, i.e., all claims require a "plurality of threads" and the product NeoMagic sold had a "single" thread. *See, e.g.,* NeoMagic Opening Brf. Pp. 30-31. The district court made no consideration of this and, in a clear error and abuse

of discretion, merely stated, "NeoMagic sold a product that appears to be identical to the Plaintiffs'…" *Id.* p. 34 (quoting Appx006).

The district court's analysis has zero bearing on whether Gorge stated a non-frivolous claim for patent infringement.  It is black letter law that a product-to-product comparison is insufficient:

> As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent.

*Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994).  Here, there is no showing that Gorge's product practices the patent; in fact, though not necessary for NeoMagic's position, Gorge's product suffers from the same non-infringement issue.  Gorge's product, like NeoMagic's product has a single thread, not a plurality of threads.

It was error and abuse of discretion for the district court to attempt to compare the product sold by NeoMagic to Gorge's product, when the district court was required to compare NeoMagic's product to that patent claims.  Here, that comparison was exceedingly simple: NeoMagic's product has a single thread and Gorge's patent claims all require "a plurality of threads."  Gorge apparently concedes this point, as it provides no factual or technical argument to rebut the point.  *See* Gorge Brf. P. 25.  Gorge refers to a non-appendix citation to what it

calls "the opinion of a patent attorney" but does not explain how a single thread

meets a claim limitation requiring "a plurality of threads." Moreover, as this Court

has clearly stated, "[P]atent practitioners are unqualified to opine on the issue of

infringement." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361,

1376 (Fed. Cir. 2012). The same case states, "[A] patent practitioner's statements

regarding the meaning of claim terms are entitled to no weight." *Id.* Together,

these statements eliminate the usefulness of any "opinion of a patent attorney."

This Court further held:

> We hold that it is an abuse of discretion to permit a witness to testify
> as an expert on the issues of noninfringement or invalidity unless that
> witness is qualified as an expert in the pertinent art. Testimony
> proffered by a witness lacking the relevant technical expertise fails the
> standard of admissibility under Fed. R. Evid. 702. Indeed, where an
> issue calls for consideration of evidence from the perspective of one
> of ordinary skill in the art, it is contradictory to Rule 702 to allow a
> witness to testify on the issue who is not qualified as a technical
> expert in that art. We understand that patent lawyers are often
> qualified to testify as technical experts, but such a qualification must
> derive from a lawyer's technical qualifications in the pertinent art.

*Sundance, Inc. v. Demonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008).

So, if the district court had relied upon a patent attorney's opinion, that would have

also been "abuse of discretion" under *Sundance*.

By limiting its analysis to a visual comparison between two products

without regard to the patent claim language, the district court applied the wrong

criteria for determining whether Gorge's infringement claim was frivolous and

must be reversed based on clear error and abuse of discretion.

## IV.    Gorge and Its Attorneys Engaged In Multiple Acts of Litigation Misconduct and/or Vexatious Litigation

Gorge and its attorneys do not even attempt to defend their litigation conduct

in Gorge's Brief.  Apparently, they concede that the attorneys made false

statements to secure a sealed case, temporary restraining order, and injunction, as

well as expedited discovery, improper service orders, improper venue, and

improper venue.  Rather than trying to defend an entire litigation rife with

misconduct and vexatious conduct, Gorge argues that it should be excused because

it dismissed the complaint against NeoMagic after attempting to extort money from

NeoMagic, seizing NeoMagic's funds and hampering its business, and forcing

NeoMagic to incur tens of thousands of dollars in attorneys fees.  This is not the

standard.

Moreover, as NeoMagic pointed out in its Opening Brief, Gorge continued

with its sanctionable behavior before the court and against the other defendants

even after dismissing NeoMagic, demonstrating that dismissing one defendant did

not cause Gorge or its attorneys to reform their ways.  Specifically, after NeoMagic

twice informed Gorge that about 2/3 of the defendants did not even arguably use

the purported trademark, the district court asked whether Gorge wanted to make

changes to the application for preliminary injunction, but Gorge and its attorneys

maintained its trademark infringement allegations in the preliminary injunction hearing. Opening Brf. P. 20. The same is true after NeoMagic twice informed Gorge that its copyright infringement allegations were improper. Opening Brf. P. 23. The same is true after NeoMagic twice informed Gorge that its patent infringement claims were facially improper. Opening Brf. P. 33.

Gorge and its attorneys were on full notice that their claims were baseless, yet they persisted in obtaining a preliminary injunction against the remaining defendants using those baseless claims. Gorge's act of dismissing NeoMagic mere hours before the injunction hearing was not an act of good faith; it was merely a gambit to prevent the sole defendant with representation[1] from arguing these points at the hearing and potentially having the district court deny the preliminary injunction. And it worked; the district court prevented NeoMagic's attorney from making those arguments at the hearing, even though the undersigned appeared at the hearing and requested permission to make those arguments.

## A.    This Case Was Plainly Exceptional

As noted over 40+ pages in NeoMagic's Opening Brief, this case was plainly exceptional. Opening Brf. Pp. 17-61. Gorge based its entire case on four

---

[1] One other defendant (of the 39 named defendants) had representation, but had already reached a settlement agreement with Gorge before the injunction hearing.

frivolous claims.  And Gorge engaged in multiple actions (using false declarations) to persuade the district court to remove multiple due process and procedural safeguards for the defendants.  Gorge even went so far as to falsely claim that NeoMagic was a foreign corporation after viewing NeoMagic's webpage with its California address and U.S. stock ticker symbol, so that Gorge could obtain permission to serve in a manner that is only applicable to foreign companies. Gorge doubled down on this by obtaining improper venue and improper joinder by making the same false claims.  This is not an ordinary litigation by any stretch of the imagination.

Gorge relies upon the district court's ruling that suggests that because this case follows the same track as other unidentified cases, then it is not extraordinary. This is contrary to both logic and the law.  First, if other cases are being litigated in the same manner with frivolous claims, false declarations, and multiple procedural abuses, then the federal court system has gone awry.  Notably, the district court did not point to any other such cases.  Appx005.  The district court's finding is not based on either factual underpinnings or the relevant law.  Thus, the district court committed clear error and abused discretion in finding that this type of case is ordinary.

Moreover, as Gorge points out in its brief, "An exceptional case is one that stands out from others with respect to the substantive strength of a party's litigating

position or the unreasonable manner in which the case was litigated." Gorge Brief p. 15 (citing the Supreme Court's *Octane Fitness* opinion). NeoMagic respectfully submits that, as set forth above, Gorge's litigating position was exceedingly weak, because its claims were frivolous. Yet, despite that weak position, Gorge was able to convince a friendly court to rubber-stamp its motions to seal, for restraining order, for injunction, for expedited discovery, for alternative service, etc. NeoMagic further respectfully submits that Gorge litigated in an entirely unreasonable manner. Gorge relied upon false declarations. Gorge made frivolous claims. Gorge demanded an extortive settlement payment of almost $10,000 after being informed that a single $4.99 product had been sold (and that only to Gorge's attorneys). The settlement payment demand was not based on the strength of the litigation or any damages analysis, rather, it was based on the fact that Gorge had improperly seized $300,000 of NeoMagic's funds and wanted a ransom to release those funds.

Everything about this case (from filing to dismissal to the injunction obtained after NeoMagic was dismissed) was exceptional, vexatious, and rife with misconduct by Gorge and its attorneys.

## B.    NeoMagic Was Not At Fault For Gorge's Delayed Service

Gorge disingenuously suggests that NeoMagic was at fault for incurring attorneys' fees rather than contacting Gorge when NeoMagic first learned that NeoMagic's funds were frozen.  *See* Gorge Brf. P. 17 (stating "Prior to filing its first filing on October 2, 2020, NeoMagic and its counsel Andrew Oliver did not contact [Gorge] nor did NeoMagic offer any explanation for [this nine day delay].")  Gorge grossly misrepresents the facts in at least two ways.

First, NeoMagic did attempt to contact the party who seized its funds when it learned that its funds were frozen.  As noted in the Opening Brf. P. 39, Paypal informed NeoMagic on September 23 that NeoMagic's funds were frozen.  *See also* Appx786.  Upon retaining the undersigned, NeoMagic requested that the undersigned attempt to determine the basis for the frozen funds.  The undersigned "attempted to send email to the email address that Paypal provided to Neomagic on September 23, 2020…  My email to that address was rejected as undeliverable." Appx867 ¶24.  And because notice of frozen funds included the wrong party name and the number of a sealed case, it was impossible to ascertain anything about why the money was seized.  Opening Brf. P. 39.  NeoMagic attempted to contact the then-unknown party, but had been provided incorrect contact information by that party.

Second, even after NeoMagic filed its motion to dismiss and informed Gorge's counsel that NeoMagic would be filing a second omnibus-motion regarding the various improper court orders and proceedings, Gorge had the chutzpah to demand an extortive payment of $9,500 to have its funds released. Opening Brf. P. 40.

Gorge would not have mitigated NeoMagic's need to spend funds to fight this case if NeoMagic had been able to make contact with Gorge earlier. Gorge would have demanded its ransom, forcing NeoMagic to prepare the same motions to fight the improper lawsuit and request for injunction. Gorge's suggestion otherwise is just a post hoc creation for this appeal.

### C.    NeoMagic Has Not (Yet) Requested That This Court Use Its Inherent Power To Enter Sanctions

Gorge misleadingly argues that NeoMagic has requested that this Court use its own inherent power to enter sanctions in the district court. Gorge Brf. Pp. 19-20. Gorge misrepresents NeoMagic's argument.

NeoMagic asked this court to find that the district court abused discretion in refusing to enter sanctions under the district court's inherent power. With this reversal, NeoMagic asks this court to determine that the district court's inherent power should have been invoked. Opening Brf. Pp. 64-65. And because Gorge

did not challenge the amount of the requested award, NeoMagic has asked this

Court to enter the full amount requested by NeoMagic. *Id.* p. 77.

### D. Gorge Did Multiply Proceedings Vexatiously

In Gorge's argument related to 28 U.S.C. §1927, Gorge suggests that Gorge

did not multiply proceedings according to that statute. Gorge Brf. Pp. 22-23.

Gorge cites cases stating that commencing an action is not "multiplying"

proceedings. *Id.*

NeoMagic has never argued that the filing of the complaint was

multiplication of proceedings by Gorge or its attorneys. NeoMagic's Opening

Brief lays out 25 pages of examples of how Gorge's attorneys multiplied

proceedings vexatiously, including at least (a) an improper motion to seal the case;

(b) failing to show any irreparable harm or even that NeoMagic was still selling the

discontinued product in obtaining an abusive restraining order; (c) obtaining

permission for expedited discovery that was overreaching and oppressive

(essentially demanding every document in NeoMagic's possession) as well as

obtaining an expedited response period; (d) securing an overreaching restraining

order on an insufficient bond; (e) seeking an improper injunction; (f) improperly

delaying service in violation of due process and procedural rules; (g) making

extortive settlement demands that forced NeoMagic to file an additional massive

motion; (h) knowingly filing in an improper venue that forced NeoMagic to defend

a case nearly across the country from the proper venue; (i) improperly joining NeoMagic with other parties; and (j) basing its filings on false attorney declarations.  These vexatious multiplications are explained at pages 35 to 61 of NeoMagic's Opening Brief.

It is astounding that Gorge was able to so fully multiply proceedings in the three week period that the case was pending for NeoMagic.  It is almost incomprehensible.  Gorge's suggestion that it did not vexatiously multiply proceedings is entirely without merit.

## V.    Final Judgment Has Been Entered As To NeoMagic; Jurisdiction is Proper

Gorge argues that this Court might not have jurisdiction because the underlying district court case "is still ongoing as to a number of defendants other than NeoMagic, so there has not been a final, case-concluding judgment."  Gorge Brf. P. 11.  This argument is disinguous at best, deceptive at worst.

First, the district court certified the dismissal of NeoMagic as a final judgment under Fed. R. Civ. P. 54(b).  Appx013.  This should be conclusive as to this Court's possession of jurisdiction.

Gorge cites inapposite law as supporting its position, relying on *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161 (3d Cir. 2008) for the proposition that "A defendant's motion for entry of a final judgment under Rule 54(b) should be denied if the action has already been dismissed by notice."  Gorge Brf. P. 11.

This case is not relevant to the lawsuit underlying this appeal.  In *Bath & Kitchen Fixtures*, the plaintiffs dismissed the entirety of not one, but seventeen consolidated cases.  535 F.3d at 164.  Here, Gorge improperly consolidated 39 defendants into a single case.  And the notice that Gorge filed purported to dismiss claims against only one party, not the entire case.  Appx739.  (While this raises questions about whether Fed. R. Civ. P. 41(a)(1)(A) actually allows such practice, while stating only that "plaintiff may dismiss an action" not that "plaintiff may dismiss a defendant in a multidefendant action", the Third Circuit apparently condones such practice, even though it does not appear in the plain language of the rule.)  Thus, in the underlying lawsuit, only NeoMagic was dismissed, not the entire action.  The language of *Bath & Kitchen Fixtures* is inapplicable to this case.

Gorge also argues that, as of the date that its brief was filed, "the case is still ongoing as to a number of defendants other than NeoMagic."  Gorge Brf. P. 11.  Gorge alleges "Currently, nine defendants remain in the case."  *Id.* at fn. 2.  However, review of the PACER docket and the Court's rulings suggest otherwise.  The most recent filings shown on PACER are a dismissal of one defendant on October 5, 2021, and a status report and accompanying court order on June 2 and 3, 2021.  On May 24, Gorge dismissed defendant "Meaning Xuansheng."  Appx877 (at ECF No. 113).  On June 2, Gorge filed a status report stating, "the parties have resolved all matters and Plaintiff respectfully requests that the Court

terminate the Defendant MEANING XUANSCHENG from the case and vacate the case management order." ECF No. 114; *see also* Appx877 (at ECF No. 114). Notably, the district court had previously identified MEANING XUANSHENG as "the only Defendant who remains active" in the case. Appx013. Thus, it is unclear why Gorge alleges that the case is ongoing, if the only active defendant was dismissed. Perhaps Gorge is referring to some subset of defendants who never answered and against whom the district court clerk entered a default. Appx876 (at ECF No. 94). However, those defendants have been defaulted for over 19 months and Gorge has not requested default judgment.

If Gorge indeed contends that the defaulted defendants prohibit this appeal even in view of Rule 54(b) certification, perhaps Gorge believes that Gorge can leave the district court case pending interminably to prevent NeoMagic from bringing this appeal. Or perhaps Gorge believes that NeoMagic must return to the district court as a third party and move to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b); except that only a "defendant", not a dismissed former defendant can make such a motion. In any event, Gorge's proposition that an appeal can be delayed indefinitely by Gorge's own failure to seek default judgment is a curious proposition that should be rejected by this Court.

Jurisdiction is proper based, at least, on the Rule 54(b) certification at Appx013.

## VI.    Conclusion and Relief Sought

Gorge's Opposition Brief does not meaningfully dispute any of the positions raised in NeoMagic's Opening Brief.  NeoMagic does not repeat all of its arguments here due to word limits, but NeoMagic does not concede any of its arguments to Gorge.

It is apparent that Gorge filed a case based entirely on frivolous claims.  It is apparent that Gorge filed false attorney declarations.  It is apparent that Gorge engaged in litigation misconduct and vexatious litigation throughout the time that NeoMagic was a defendant and extending beyond dismissal of NeoMagic by securing a preliminary injunction after being informed of its false statements and multiple baseless claims (e.g., that 2/3 of the defendants didn't use the purported trademark).

This case is entirely exceptional.  And both Gorge and its attorneys engaged in sanctionable conduct.  Moreover, as set forth in the Opening Brief, NeoMagic should be considered the prevailing party because its efforts materially altered the legal relationship of NeoMagic and Gorge.  But even if the Court determines that Gorge can escape a "prevailing party" determination through an opportunistic dismissal under Rule 41, sufficient grounds remain to enter the requested sanctions.

This Court has many grounds on which it can sanction Gorge and Gorge's attorneys. NeoMagic respectfully submits that if the Court does not enter sanctions here, it is unlikely that there is any more egregious case where sanctions could be entered or where a party engages in worse frivolous claims, false declarations, litigation misconduct, and vexatious multiplication of proceedings, or where the district court so profoundly errs and abuses discretion.

NeoMagic requests that the Court reverse the order of the district court and direct the district court to enter an award of attorneys' fees and costs in favor of NeoMagic in the amount of $57,660.

Alternatively, NeoMagic requests that the Court vacate the order denying attorneys' fees and costs and remand for further proceedings in accord with this Court's rulings. However, based on the perfunctory manner in which the district court addressed the sanctions motion in the first instance, NeoMagic respectfully believes that remand is merely an invitation for a second appeal of this issue after the district court again errs and abuses discretion.


Dated: September 2, 2022                    /s/ *Andrew T. Oliver*
                                            Andrew T. Oliver
                                            *Attorney for Appellant*
                                            *NeoMagic Corporation*

## Certificate of Compliance

The undersigned certifies under Fed. R. App. P. 32(a) and Federal Circuit Rule 32(a) that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) as modified by Federal Circuit Rule 32(a).

This brief contains 6,097 words, which is less than the 14,000 words for opening briefs and 7,000 words for reply briefs under Federal Circuit Rule 32(a).

The brief was prepared in proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font. The undersigned relied on the word count feature of this word processing system as the basis for this certificate as permitted by Fed. R. App. P. 32(g)(1).

Dated: September 2, 2022                     /s/ *Andrew T. Oliver*
                                             Andrew T. Oliver
                                             *Attorney for Appellant*
                                             *NeoMagic Corporation*

## Certificate of Service

I certify that, on September 2, 2022, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Federal Circuit using the CM/ECF System and served on all counsel of record via electronic mail.

Dated: September 2, 2022                     /s/ *Andrew T. Oliver*
                                             Andrew T. Oliver
                                             *Attorney for Appellant*
                                             *NeoMagic Corporation*